UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LACEY ANN GREEN, | Case No. 3:15-cv-02316-JO |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

Jones, J.,

Plaintiff Lacey Green appeals the final decision of the Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Because the Commissioner's decision is supported by substantial evidence, the decision is **AFFIRMED.**

/////

/////

## PRIOR PROCEEDINGS

Plaintiff filed concurrent applications for SSI and DIB alleging disability as of November 15, 2010 due to fibromyalgia, anxiety with panic attacks, major depressive disorder, and degenerative disc disease. Admin. R. 12, 14, 231.

The ALJ performed the sequential analysis described in 20 C.F.R sections 404.1520 and 416.920. He found plaintiff's ability to perform basic work activities limited by fibromyalgia, degenerative disc disease, major depressive disorder, and generalized anxiety disorder with panic attacks. Admin. R. 14. The ALJ found that, despite these impairments, plaintiff retained the residual functional capacity (RFC) to perform a range of light, simple, and routine work involving limited climbing and crawling, in a work setting that does not require frequent or close contact with co-workers, teamwork, or collaboration with others. Admin. R. 16.

The ALJ elicited testimony from a vocational expert (VE), who said that a person with plaintiff's RFC and vocational factors could perform light, unskilled occupations such as mailroom clerk and small product assembler, representing several hundred thousand jobs in the national economy. Admin. R. 23, 64-65. The ALJ therefore concluded plaintiff was not disabled within the meaning of the Social Security Act. Admin. R. 23-24.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see also *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219, 1222 (9th Cir. 2009). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. See *Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; see also *Bray*, 554 F.3d at 1226.

## DISCUSSION

### I. Claims of Error

Plaintiff argues the Commissioner erred by (1) improperly evaluating the medical opinion of treating physician William Barth, M.D.; (2) rejecting her subjective symptom testimony; (3) rejecting the lay witness testimony; and (4) improperly relying on the VE testimony at step five.

### II. Medical Opinion Evidence

Dr. Barth was plaintiff's treating physician. In 2012, he opined that plaintiff was limited by pain to one hour or less of sitting, standing, and walking. Admin. R. 330-31. Dr. Barth also stated that plaintiff could not lift or carry over 20 pounds and that her ability to travel was limited by pain. Dr. Barth attributed these limitations to plaintiff's degenerative disc disease with peripheral neuropathy, and chronic depression. Admin. R. 21, 330, 331. The ALJ discounted Dr. Barth's opinion regarding plaintiff's limitations in sitting, standing and walking. Admin. R. 21.

\\\

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected for specific and legitimate reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

Here, Dr. Barth's opinion was contradicted by the opinions of the state agency medical experts, who reviewed the objective medical evidence and the record as a whole and concluded that plaintiff was capable of performing a range of light work with some limitations. Admin. R. 70-82. The ALJ was therefore required to provide specific, legitimate reasons for rejecting Dr. Barth's controverted opinion. *Bayliss*, 427 F.3d at 1216.

The ALJ found Dr. Barth's limitations on standing, walking, and sitting inconsistent with the objective medical record on the whole. Admin. R. 21. This conclusion was reasonable based on the opinions of the state agency reviewing physicians and the mild objective findings in the record. The majority of objective findings in the record were mild and the ALJ reasonably concluded that they were inconsistent with Dr. Barth's severe limitations on walking, sitting, and standing. Admin. R. 21. Plaintiff testified that her chronic back pain began with a motor vehicle accident in 2006 and worsened until she could no longer work in November 2010. Admin. R.

Page 4 – OPINION AND ORDER

38. In July 2009, however, Todd Devere, M.D., found that plaintiff had normal strength, normal gait and ability to walk, and no clear objective abnormalities. Admin. R. 304-306. Plaintiff's brain and spinal MRI scans were "entirely normal." Admin. R. 308-12, 314. In 2010, plaintiff continued to show full strength in her lower extremities, mild tenderness and mildly limited range of motion. Admin. R. 463. These findings suggest that plaintiff was less limited in her ability to stand and walk than Dr. Barth indicated, and the ALJ was entitled to resolve this conflict in the medical record by rejecting Dr. Barth's opinion. *See Carmickle*, 533 F.3d at 1164 (the ALJ is responsible for resolving conflicts in the medical record). In the absence of supporting objective medical findings, the ALJ rationally discounted Dr. Barth's opinion because it was brief and unsupported by specific objective findings or by the medical record as a whole. In the Ninth Circuit, the ALJ may reject a treating physician's opinion that is brief, conclusory, or unsupported by the record. *Batson*, 359 F.3d at 1195.

Plaintiff argues that Dr. Barth's opinion is supported by findings on multiple examinations and by lumbar MRI findings showing degenerative changes. Admin. R. 342, 365, 377, 382. However, even if the evidence could be interpreted in a manner more favorable to plaintiff, the ALJ's evaluation of Dr. Barth's opinion was reasonable and must be upheld. *Burch*, 400 F.3d at 679 (when the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld).

The ALJ also found that Dr. Barth based his conclusions on plaintiff's subjective complaints. An ALJ may reject a physician's report premised largely on a claimant's properly discounted subjective complaints. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989). Here, Dr. Barth's progress notes reflect that he relied primarily on plaintiff's subjective statements. Admin. R. 330, 331, 341, 346, 350, 355, 358, 368, 371, 373-75, 383. His clinical findings were limited

to plaintiff's subjective indications of tenderness and pain in the paralumbar area. Admin. R 335, 339, 341. In the absence of notes reflecting objective findings, it was rational for the ALJ to find that Dr. Barth relied on plaintiff's subjective complaints in formulating his opinion. As explained below, the ALJ properly discounted the credibility of plaintiff's testimony about the limiting effects of her symptoms. Dr. Barth's reliance on plaintiff's discredited complaints therefore provides additional support to the ALJ's evaluation of the medical evidence. *Fair*, 885 F.2d at 605. In sum, the ALJ's evaluation of Dr. Barth's opinion was supported by legally sufficient reasons and will not be disturbed.

### III. Plaintiff's Testimony

Plaintiff argues that the ALJ erred by rejecting her subjective symptom testimony. The Ninth Circuit established two requirements for a claimant to present credible symptom testimony: the claimant must produce objective medical evidence of an impairment or impairments; and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom. *Cotton v. Bowen*, 799 F.2d 1403, 1407 (9th Cir. 1986). The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity. *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir. 1996).

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if the ALJ provides clear and convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). General assertions that the claimant's testimony is not credible are insufficient. *Id.* The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (quoting *Lester*, 81 F.3d at 834.

Page 6 – OPINION AND ORDER

At the hearing, plaintiff testified that she stopped working in November of 2010 due to pain, depression, and anxiety. Admin. R. 38. She stated that she had difficulty concentrating and that her medications made her tired. Admin. R. 42. She suffered from increased anxiety and depression following her car accident, and had a hard time getting out of bed. Admin. R. 44. Plaintiff testified that she did not use a computer and needed help caring for her children and performing basic daily activities. Admin. R. 48. She stated that she could sit for up to 30 minutes at a time before she needed to move around. She said she could not lift a gallon of milk. Admin. R. 48-49.

The ALJ believed plaintiff had impairments that adversely affected her ability to work, as reflected by the significant limitations in his assessment of her RFC. He rejected plaintiff's testimony only to the extent that she claimed limitations in excess of the RFC assessment and asserted she could not engage in work of any kind. Admin. R. 17-20. The ALJ noted that the medical evidence conflicted with plaintiff's testimony regarding her symptoms and limitations. An ALJ may reject testimony that is inconsistent with the medical evidence. *Carmickle*, 533 F.3d at 1161. Here, plaintiff testified that back pain and depression were her biggest impediments to working, and that she had difficulties with nearly every area of functioning. Admin. R. 46, 255. On examination in July, 2009, however, Todd Devere, M.D., found that plaintiff had normal strength, normal gait and ability to walk, and no clear objective abnormalities. Admin. R. 304-06. Dr. Devere noted that plaintiff's brain and spinal MRI scans were "entirely normal." Admin. R. 308-12, 314. Similarly, in 2010, plaintiff showed full strength in her lower extremities, mild tenderness and mildly limited range of motion. Admin. R. 463. In 2011, plaintiff reported no depression symptoms and had a normal gait. Admin. R. 317. These findings contradict plaintiff's complaints of debilitating back pain and depression,

and the ALJ reasonably cited them in his rejection of plaintiff's testimony. *Carmickle*, 533 F.3d at 1161.

The ALJ found plaintiff's testimony was not credible because she sought only conservative treatment. Admin. R. 18-20. When a claimant alleges debilitating symptoms but pursues only conservative treatment, it supports an inference that her symptoms are not as severe as she claims. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008), *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). Here, the ALJ noted that plaintiff sought minimal physical therapy and was treated primarily with medication and pain patches; spinal surgery was not recommended. Admin. R. 18. This evidence supports the ALJ's finding that plaintiff was not as limited as alleged in her testimony, because she sought relatively conservative treatment for her symptoms. *Tommasetti*, 533 F.3d at 1040. In addition, the ALJ noted that plaintiff failed to follow treatment recommendations. For example, although she was given a home exercise program and plan of care in January, 2011, there is no indication that she followed up or returned for further treatment. Admin. R. 18. When a claimant alleges disabling symptoms, but fails to follow prescribed or recommended treatments, an ALJ may reasonably find the subjective statements unjustified or exaggerated. *Orn v. Astrue*, 495 F.3d at 638; *Tonapetyan v. Halter*, 242 F.3d 1144, 1147-48 (9th Cir. 2001).

Finally, the ALJ found that plaintiff left her job for reasons other than her alleged impairments. The fact that a claimant left work for reasons other than her impairments is a sufficient basis for rejecting the claimant's testimony. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001). Here, plaintiff left her job due to pregnancy and the birth of her second child. Admin. R. 20. Plaintiff did not return to her work as a customer service representative after the birth of her child, and eventually lost her job. Admin. R. 354. On this record, the ALJ properly

Page 8 – OPINION AND ORDER

found that plaintiff was less than fully credible because she stopped working for reasons other than her alleged impairments. *Bruton*, 268 F.3d at 828. In sum, the ALJ provided legally sufficient reasons supported by substantial evidence in the record for his credibility finding.

## IV.  Lay Testimony

Plaintiff next argues that the ALJ improperly rejected the lay witness testimony of her mother, Virginia Lee Green. The ALJ is required to provide germane reasons for rejecting a lay witness's opinion. *Molina v Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Ms. Green appeared at the administrative hearing and testified that plaintiff missed a lot of work due to stress and pain. Ms. Green also opined that plaintiff suffered from post-partum depression. Admin. R. 55-61. The ALJ rejected Ms. Green's testimony, noting that medical evidence in the record contradicted her opinion that plaintiff suffered from post-partum depression. Admin. R. 21, 317 (treatment note from David Sibell, M.D., dated 2012, indicating "No post-partum depression"). Further, to the extent that Ms. Green's testimony mirrored plaintiff's testimony regarding her symptoms and limitations, the ALJ provided legally sufficient reasons for rejecting it, as discussed above. In sum, the ALJ provided sufficient germane reasons for rejecting Ms. Green's testimony. *Molina*, 674 F.3d at 1111.

## V.  Step Five Findings and Reliance on VE Testimony

Plaintiff lastly argues that the ALJ improperly relied on the VE testimony because he failed to resolve a conflict between the VE testimony and the DOT. The Commissioner concedes that the VE's testimony that a claimant with plaintiff's RFC could perform the job of mail clerk conflicts with the DOT definition of the position, which requires a reasoning level of 3. I accept the Commissioner's concession, but find the error harmless. The ALJ also found, based on the VE testimony, that plaintiff could perform the job of small product assembler,

Page 9 – OPINION AND ORDER

which exists in significant numbers in the national economy and is consistent with plaintiff's RFC. See *Beltran v. Astrue*, 700 F.3d 386, 389-90 (9th Cir. 2012) (if a court finds that a claimant can perform a job that exists in significant numbers in the national economy, it must uphold the ALJ's decision). While plaintiff also argues that the small product assembler job is inconsistent with plaintiff's RFC, which requires that she work in a setting that does not require "frequent" or "close" contact with co-workers, the DOT indicates that the small product assembler job does not significantly require interaction with others. See *Dictionary of Occupational Titles* (DOT) 706.684-022, *available at* 1991 WL 679050. The error alleged by plaintiff at step five, therefore, was harmless.

## **CONCLUSION**

For the foregoing reasons, the Commissioner's decision is AFFIRMED.

DATED this 8th day of March, 2017.

_____
Robert E. Jones, Senior Judge
United States District Court